IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CASTAÑON NAVA, JOHN DOE, MIGUEL CORTES TORRES, GUILLERMO HERNANDEZ HERNANDEZ, and ERICK RIVERA SALES, on behalf of themselves and others similarly situated, ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, and ORGANIZED COMMUNITIES AGAINST DEPORTATION, <br><br> *Plaintiffs,* <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; TAE JOHNSON, Acting Director, ICE; ENRIQUE M. LUCERO, Field Office Director (FOD) of the ICE Chicago Field Office, <br><br> *Defendants.* | Case No. 18-cv-3757 <br><br> Judge Rebecca R. Pallmeyer <br><br> **CLASS ACTION** |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Unopposed Motion in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and memorandum in support of the Motion, the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Margarito Castañon Nava, John Doe, Miguel Cortes Torres, Guillermo Hernandez Hernandez, Erick Rivera Sales, Illinois Coalition for Immigrant and Refugee Rights, and Organized Communities Against Deportations,

1

on behalf of themselves and all Class Members, and Defendants Department of Homeland Security, Immigration and Customs Enforcement ("ICE"); Alejandro Mayorkas, Secretary, Department of Homeland Security; Tae Johnson, Acting Director, ICE; and Henry Lucero, Field Office Director, ICE Chicago Field Office, by and through their attorneys (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court being fully advised in the premises,

    IT IS HEREBY ORDERED AS FOLLOWS:

    1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

    2.    The terms of the Settlement Agreement are preliminarily approved as fair, reasonable, and adequate. There is good cause to find that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel, and was reached with the assistance of Magistrate Judge Jeffrey Cummings.

    3.    The Court determines, preliminarily, that the Settlement Agreement and its terms fall within the range of reasonableness and merits final approval.

    4.    For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure Rule 23 – including numerosity, commonality, typicality, adequacy, and appropriateness of class treatment of these claims – have been preliminarily satisfied.

    5.    The Court hereby conditionally certifies, pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class consisting of:

>All current and future persons arrested without a warrant for a civil violation of U.S. immigration laws within the area of responsibility of the ICE Chicago Field Office.

6. For settlement purposes only, Plaintiffs Margarito Castañon Nava, John Doe, Miguel Cortes Torres, Guillermo Hernandez Hernandez, and Erick Rivera Sales are appointed as Class Representatives.

7. For settlement purposes only, the following counsel are hereby appointed as Class Counsel:

>Mark Fleming
>Mary Harper
>NATIONAL IMMIGRANT JUSTICE CENTER
>MFleming@heartlandalliance.org
>mharper@heartlandalliance.org
>
>Ivan Poullaos
>Patrick O'Meara
>WINSTON & STRAWN LLP
>IPoullao@winston.com
>POMeara@winston.com
>
>Rebecca Glenberg
>AMERICAN CIVIL LIBERTIES UNION
>RGlenberg@aclu-il.org

8. The Court recognizes that, pursuant to the Settlement Agreement, Defendants retain all rights to object to the propriety of class certification in the Action in all other contexts and for all other purposes should the Settlement Agreement not be finally approved. Therefore, as more fully set forth below, if the Settlement Agreement is not finally approved, and litigation of the Action resumes, this Court's preliminary findings regarding the propriety of class certification shall be of no further force or effect whatsoever, and this Order will be vacated in its entirety.

9. The Court also determines that the proposed Notice of Proposed Class Action Settlement and Hearing ("Class Notice") and notice procedure as described in the Settlement

3

Agreement: (i) meets the requirements of Rule 23(e)(1) and due process; (ii) is the best practicable notice under the circumstances; (iii) is reasonably calculated, under the circumstances, to apprise the Class Members of their right to object to the proposed Settlement; and (iv) is reasonable and constitutes due, adequate, and sufficient notice to all those entitled to receive notice.

10. The Class Notice and notice procedure, as set forth in the Settlement Agreement, are approved.

11. There are no rights to "opt-out" of the Settlement Agreement and the proposed agreement would bind Class Members.

12. The Parties shall cause the Class Notice to be disseminated in the manner set forth in the Motion seven days after the entry of this Order.

13. Any Class Member who wishes to submit a written objection to the fairness, reasonableness, or adequacy of the Settlement must submit his or her objection in accordance with the procedures outlined in the Class Notice. Written objections must be postmarked January 11, 2022. Class Members may also object by appearing at the Final Approval Hearing, either in person or through counsel.

14. The Final Approval Hearing will be held on February 8, 2022, at 10:00 AM at the United States District Court for the Northern District of Illinois, located at 219 South Dearborn Street, Chicago, IL 60604 for the following purposes:

   (a) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rule of Civil Procedure 23 have been met;

   (b) to determine whether the Settlement Agreement is fair, reasonable and adequate, and should be approved by the Court;

   (c) to rule upon such other matters as the Court may deem appropriate.

15. The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order in accordance with the Settlement Agreement that adjudicates the rights of all Settlement Class Members.

16. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

17. The Court finds there is good cause to enter the proposed Confidentiality Order attached as Appendix B to the Settlement Agreement. The Parties shall submit a copy of that order to the Court using the procedure outlined in its standing order.

**IT IS SO ORDERED.**

ENTERED: December 1, 2021

REBECCA R. PALLMEYER
United States District Judge