IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CASTAÑON NAVA, JOHN DOE, MIGUEL CORTES TORRES, GUILLERMO HERNANDEZ HERNANDEZ, and ERICK RIVERA SALES, on behalf of themselves and others similarly situated, ILLINOIS COALITION FOR IMMIGRANT AND REFUGEE RIGHTS, and ORGANIZED COMMUNITIES AGAINST DEPORTATION, *Plaintiffs*, v. DEPARTMENT OF HOMELAND SECURITY, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE); ALEJANDRO MAYORKAS, Secretary, Department of Homeland Security; TAE JOHNSON, Acting Director, ICE; ENRIQUE M. LUCERO, Field Office Director (FOD) of the ICE Chicago Field Office, *Defendants*. | Case No. 18-cv-3757<br><br>Judge Rebecca R. Pallmeyer<br><br>**CLASS ACTION** |

## FINAL APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Unopposed Motion in Support of Final Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion and memorandum in support of the Motion, the Settlement Agreement and Release ("Settlement Agreement") between Plaintiffs Margarito Castañon Nava, John Doe, Miguel Cortes Torres, Guillermo Hernandez Hernandez, Erick Rivera Sales, Illinois Coalition for Immigrant and Refugee Rights, and Organized Communities Against Deportations, on behalf of

1

themselves and all Class Members, and Defendants Department of Homeland Security, Immigration and Customs Enforcement ("ICE"); Alejandro Mayorkas, Secretary, Department of Homeland Security; Tae Johnson, Acting Director, ICE; and Henry Lucero, Field Office Director, ICE Chicago Field Office, by and through their attorneys (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, and the Court having heard from counsel for the Parties the fairness hearing that took place on February 8, 2022, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to this action under 28 U.S.C. § 1331, including jurisdiction over all Class Members.

3. The Court held a fairness hearing on February 8, 2022, at which time the Parties and all other interested persons were afforded the opportunity to be heard in support of and in opposition to the Settlement Agreement.

4. The Court grants final approval of the Settlement Agreement filed with the Court.

5. The Court finds that the terms of the Settlement Agreement are fair, reasonable, and adequate for at least the following reasons.

    a. First, the Court finds that the Settlement Agreement was negotiated at arm's-length between the Parties, who were represented by experienced counsel, and was reached with the assistance of Magistrate Judge Jeffrey Cummings.

b. Second, the Court finds that the strength of Plaintiffs' case on the merits weighed against Defendant's defenses, and the complexity, length, and expense of further litigation, support approval of the settlement, particularly given the strength of the relief provided to the Class Members by the Settlement Agreement.

c. Third, the Court finds that the absence of any objections to the settlement by Class Members supports approval of the Settlement Agreement.

d. Fourth, the Court finds that the reaction of Class Members has been positive, based on the absence of any objections, and the approval of the Settlement Agreement by the named individual Plaintiffs and organizational Plaintiffs, Illinois Coalition for Immigrant and Refugee Rights and Organized Communities Against Deportations. This supports approval of the Settlement Agreement.

e. Fifth, the Court finds that support for the settlement expressed by Class Counsel and counsel for Defendant, all of whom have significant experience with class actions and immigration issues, weighs in favor of approval of the Settlement Agreement.

f. Sixth, the Court finds that Plaintiffs' significant confirmatory discovery took before negotiating the Settlement Agreement, and thus that the litigation has progressed to a stage where the Court and the Parties could evaluate the merits of the case and the probable course of future litigation, which supports approval of the Settlement Agreement.

6. The Court approves the Settlement Agreement as a final, fair, reasonable, adequate, and binding release of the claims of Plaintiffs and Class Members as provided in the Settlement Agreement.

7. The Court finds that the notice distributed to Class Members constituted appropriate notice under Federal Rule of Civil Procedure 23(c)(2)(A) and was reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

8. For settlement purposes only, the Court finds that the prerequisites to class action treatment under Federal Rule of Civil Procedure Rule 23 – including numerosity, commonality, typicality, adequacy, and appropriateness of class treatment of these claims – have been satisfied.

9. The Court hereby certifies, pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the following Settlement Class consisting of:

> All current and future persons arrested without a warrant for a civil violation of U.S. immigration laws within the area of responsibility of the ICE Chicago Field Office.

10. For settlement purposes only, the Court confirms the appointment of Plaintiffs Margarito Castañon Nava, John Doe, Miguel Cortes Torres, Guillermo Hernandez Hernandez, and Erick Rivera Sales as Class Representatives.

11. For settlement purposes only, the Court hereby appoints the following counsel as Class Counsel, and finds that they are experienced in class litigation and have adequately represented the Class Members:

> Mark Fleming
> Mary Harper
> NATIONAL IMMIGRANT JUSTICE CENTER
> MFleming@heartlandalliance.org
> mharper@heartlandalliance.org
>
> Ivan Poullaos
> Patrick O'Meara
> WINSTON & STRAWN LLP
> IPoullao@winston.com
> POMeara@winston.com

4

<div style="margin-left:2em">
Rebecca Glenberg
AMERICAN CIVIL LIBERTIES UNION
RGlenberg@aclu-il.org
</div>

12. The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder. The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

13. As provided for in the Settlement Agreement, the Court dismisses this Action without prejudice. The Parties are granted leave to enforce the Settlement Agreement in this Court as provided by the Conflict Resolution provisions in the Settlement Agreement.

14. Upon termination of the Settlement Agreement, either through its terms or the mutual consent of the Parties, this Action shall be considered dismissed with prejudice without further order of the Court being required.

15. No objections were filed in this matter, and any objections to the Settlement Agreement are overruled and denied in all respects.

16. The Court finds there is good cause to enter the proposed Confidentiality Order attached as Appendix B to the Settlement Agreement. The Parties shall submit a copy of that order to the Court using the procedure outlined in its standing order.

17. The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with this Final Approval Order and do not limit the rights of the Class Members.

**IT IS SO ORDERED.**

ENTERED: February 8, 20200

_____
Hon. Rebecca R. Pallmeyer
United States District Judge

6