IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CASTAÑON NAVA, et al., | ) ) ) |
| Plaintiffs, | ) No. 18-cv-3757 ) |
| v. | ) Judge Jeffrey I. Cummings ) |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

The Court has reviewed plaintiffs' motion to enforce consent decree, (Dckt. #280), which asserts that defendants have engaged in repeated, material violations of the parties' consent decree ("Decree"). By February 6, 2026, defendants are ordered to file a response to plaintiffs' motion in which they shall:

(1) state their agreement to immediately release, or state a reason why immediate release is not permitted under the terms of the Decree, for the 35 class members identified in plaintiffs' motion at Dckt. #280 at 8–9;

(2) state their agreement to immediately release, or state a reason why immediate release is not permitted under the terms of the Decree, for the three class members who are identified in plaintiffs' motion, (*see* Dckt. #280 at 13), and who have taken voluntary departure but are still in the departure window;

(3) state their agreement to immediately release, or state a reason why immediate release is not permitted under the terms of the Decree, for the three class members who are identified in plaintiffs' motion, (*see* Dckt. #280 at 13), who have been ordered removed

but do not have a final order of removal because their time to file an appeal has not expired;

(4) identify each class member who—based upon the parties' agreement or judicial order—was determined to have been subjected to a warrantless arrest in violation of the Decree and who was released from ICE detention subject to conditions of release (including, but not limited to, a term of parole, payment of bond, or release on recognizance subject to attending ICE check-ins and securing written permission to move), (*see* Dckt. #280 at 9–10). For each such class member, state the rationale for imposing conditions of release notwithstanding Section IV(E)(2) of the Decree, (Dckt. #155-1 at 9);

(5) provide a sworn certification that each class member who—based upon the parties' agreement or judicial order—was determined to have been subjected to a warrantless arrest in violation of the Decree and who is not identified in Subparagraph (4) was released from ICE detention based on their own recognizance without bond or conditions of release as required by Section IV(E)(2) of the Decree, (Dckt. #155-1 at 9); and

(6) provide an update regarding defendants' production of pertinent arrest records regarding the 830 potential violations that plaintiffs raised on October 21, 2025, and the additional 391 potential violations that plaintiffs raised on November 3, 2026.

The February 3, 2026 deadline for defendants to respond to plaintiffs' proposal and request for relief as set forth in the parties' January 16, 2026 joint status report stands.[1] Plaintiffs shall file a combined reply in support of their motions on or before February 10, 2026. This matter is set for an in-person hearing on plaintiffs' motions on February 13, 2026 at 11:00 a.m.

---

[1] As the Court noted in its January 20, 2026 order, the Court—per defendants' suggestion—has decided to treat plaintiffs' proposal and request for relief as a motion asserting repeated, material violations of the Decree. (Dckt. #278 at 2).

The Decree (including the Broadcast Statement of Policy) remains in full force and effect pursuant to Section III(A) of the Decree pending further instruction by the Court of Appeals or the resolution of plaintiffs' motions asserting repeated, material violations of the Decree. (*See* Dckt. #155-1 at 5; *Castanon-Nava v. U.S. Department of Homeland Security*, 161 F.4th 1048, 1053–54 (7th Cir. 2025)).

**Date: February 2, 2026**

_____
**Jeffrey I. Cummings**
**United States District Court Judge**