**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARGARITO CASTAÑON NAVA, et al.,** | ) ) ) | |
| **Plaintiffs,** | ) ) | **No. 18-cv-3757** |
| **v.** | ) ) | **Judge Jeffrey I. Cummings** |
| **DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) ) ) | |
| **Defendants.** | ) ) | |

**ORDER**

Motion hearing held on February 13, 2026, on plaintiffs' fully briefed motions to enforce, (Dckt. #279 (filed January 23, 2026); Dckt. #280 (filed January 30, 2026); and Dckt. #284 (filed February 3, 2026)). For the reasons stated in detail on the record, the Court orders as follows:

(1)     Although the Consent Decree was set to expire by its own terms on February 2, 2026 pursuant to this Court's order of October 7, 2025, (Dckt. #214 at 51), the Decree remains in effect pursuant to Section III(A) of the Decree, (Dckt. #155-1 at 5), because two of plaintiffs' motions to enforce the Decree for repeated material violations were filed before February 2, 2026. Consequently, the Decree remains in effect and governs warrantless arrests that take place in ICE's Chicago Area of Responsibility (namely, Illinois, Indiana, Wisconsin, Missouri, Kentucky, and Kansas) until the date that plaintiffs' pending motions to enforce are fully resolved by the Court.

(2)     For the reasons stated on the record, plaintiffs' request to extend the Decree for a 47-day period after plaintiffs' motions to enforce are resolved is denied. The Court's ruling on this matter does not suspend the operation of Section III(A) of the Decree. In other words, the expiration of the Decree can potentially be tolled for an additional period of time if plaintiffs file one or more additional motions to enforce for repeated material violations prior to this Court's resolution of their three pending motions.

(3)     Pursuant to defendants' suggestion, (Dckt. #282 at 5–6), the Court will retain jurisdiction to consider any motion to enforce individual violations under Section V.A for 30 days after defendants have certified that they have produced all records for warrantless arrests and, absent a favorable Seventh Circuit ruling, field I-200 arrest records for currently detained (or released on ATD or bond) foreign

nationals (i.e., "aliens") between June 11, 2025 and the expiration date of the Decree.

(4) By the parties' agreement, defendants shall limit their production to the arrest records (including, but not limited to, I-213 forms and I-200 warrants) of foreign nationals who remain in ICE custody within the United States.

(5) By February 20, 2026, defendants shall produce to plaintiffs' counsel a master list of all foreign nationals who were arrested between June 11, 2025 and the present who were either subject to a warrantless arrest or were subject to arrest under circumstances where there is a genuine dispute about whether their arrest was subject to an I-200 warrant or was warrantless. Defendants are directed to diligently continue their rolling production of documents related to the arrest of each of those individuals.

(6) Defendants are ordered to prioritize the production of arrest records relating to the remaining approximately 173 foreign nationals of the list of 615 foreign nationals whose arrests by ICE occurred prior to October 7, 2025.

(7) Defendants are further ordered to produce arrest records for the 22 individuals referenced by defense counsel during the February 13 hearing on plaintiffs' motions who were arrested on field warrants in November 2025, as well as all individuals who were arrested on field warrants in December 2025 and January 2026.

(8) Beginning on Friday, February 20, 2026, defendants shall file a weekly status report indicating how many putative class members' documents were produced that week. Each such report shall be filed by Friday at 5:00 p.m. CT.

(9) For the reasons stated in open court during the February 13, 2026 hearing, defendants are ordered to facilitate the immediate release of Juan Gutierres-Hernandez, Alireza Ansari Ramandi, Jose Hernandez-Galvan, and Jose Tellez Fernandez (phonetic) on their own recognizance and without bond or conditions of release as specified in Section IV(E)(2) of the Decree, (#155-1 at 9). These individuals shall be released by no later than February 16, 2026 at 5:00 p.m. CT.

(10) No later than 5:00 p.m. on February 18, 2026, defendants shall file a sworn certification that the four individuals identified above in Paragraph 9 of this Order have been released on their own recognizance and without bond or conditions of release.

(11) The parties shall promptly meet and confer regarding the status of Ricardo Sanchez Gordillo (phonetic) (whom defendants previously reported was being processed for release), as well as the 21 individuals discussed during the February 13, 2026 hearing who defendants previously reported were subject to "likely violations." Plaintiffs may proceed with filing an additional motion to enforce

regarding these individuals if the parties are unable to promptly come to an agreement regarding whether they were subjected to warrantless arrests in violation of the Decree.

(12)     Defense counsel shall provide class counsel with at least twelve hours' notice in advance of the anticipated release of any class member.

(13)     Defendants are ordered to lift all conditions of release and to refund bond for any individuals who have been previously released pursuant to the Decree so that these individuals are released on their own recognizance without bond or conditions of release as required by Section IV(E)(2) of the Decree.

(14)     For the reasons stated on the record, the Broadcast Statement of Policy, (Dckt. #155-1 at 18-20), remains in effect.  No later than February 18, 2026, defendants shall re-circulate the Broadcast Statement of Policy to all ICE agents nationwide by email and they shall advise the agents that the Broadcast remains in effect as the ICE policy governing warrantless arrests until further notification by DHS and ICE.

(15)     By February 20, 2026, defendants shall file a sworn certification certifying that they have complied with the directives stated in Paragraphs 13 and 14 of this Order.

(16)     In their February 20, 2026 certification, defendants are further ordered to provide more complete answers to the following questions that were posed to defense counsel during the February 13, 2026 hearing on plaintiffs' motions to enforce: (1) state whether ICE agents and Customs and Border Protection agents worked together in mixed teams to effectuate individual arrests of foreign nationals during Operation Midway Blitz; (2) state whether ICE has knowledge of a foreign national's "A number" at the time ICE issues a Notice to Appear in conjunction with an I-200 warrant to effectuate a targeted arrest of that foreign national; and (3) state whether ICE has probable cause to believe that a foreign national is removable from the United States at the time ICE issues an I-200 warrant to effectuate the arrest of that foreign national.

**Date: February 17, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

3