IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARITO CASTAÑON NAVA, et al., ) ) ) | |
| Plaintiffs, ) ) | No. 18-cv-3757 |
| v. ) ) | Judge Jeffrey I. Cummings |
| DEPARTMENT OF HOMELAND SECURITY, et al., ) ) ) | |
| Defendants. ) | |

## ORDER

On February 20, 2026, the parties filed the following submissions: plaintiffs' motion to enforce consent decree (Dckt. #305); defendants' notice of compliance (Dckt. #307); defendants' notice of errata (Dckt. #308); and defendants' notice of weekly document production (Dckt. #306). The Court orders as follows with respect to these matters and plaintiffs' previously filed motions to enforce (Dckt. #279; Dckt. #280; and Dckt. #284):

(1) The Court considers plaintiffs' January 23, 2026 motion to enforce (Dckt. #279) to be resolved by its rulings in open court on February 13, 2026 and its February 17, 2026 Order (Dckt. #301).

(2) In their response to plaintiffs' January 30, 2026 motion to enforce (Dckt. #280), defendants reported that ICE's ERO (Enforcement and Removal Operations) concurred with the release of the following three class members and that their release was requested on February 5, 2026: Arturo Mondragon-Medina (A246); Herber Garcia Morales (A415); and Henry Cordova Jaya (A487). (*See* Dckt. #293 at 4). Defendants are ordered to certify in their forthcoming February 27, 2026 certification that these class members have been released from ICE detention on their own recognizance (OREC) without bond and without conditions.

(3) In Paragraph 13 of its February 17, 2026 Order, this Court ordered defendants to lift all conditions of release and to refund bond for any individuals who have been previously released pursuant to the Decree so that these individuals are released on their own recognizance without bond or conditions of release as required by Section IV(E)(2) of the Decree.[1] (Dckt. #301 at 3). In their February 20, 2026 certification, defendants state that "ERO Chicago is working diligently and is

---

[1] At a minimum, this group of class members includes the individuals identified in Exhibit A to defendants' response to plaintiffs' January 30, 2026 motion to enforce. (*See* Dckt. #293-1).

>actively taking steps to ensure with other ERO Field Officers from where aliens may have been released that the relevant releases were in line with these requirements." In their February 27, 2026 certification, defendants are required to certify that the relevant releases *are* in full compliance with the requirements of Paragraph 13 of this Court's February 17 Order.

(4) Once compliant certifications as directed by Paragraphs 2 and 3 of this Order have been provided, the Court will consider plaintiffs' January 30, 2026 motion to enforce (Dckt. #280) to be resolved.

(5) In Paragraph 14 of its February 17 Order, this Court ordered defendants to re-circulate the Broadcast Statement of Policy to all ICE agents nationwide by email and to advise the agents that the Broadcast remains in effect as the ICE policy governing warrantless arrests until further notification by DHS and ICE. Moreover, during the February 13 hearing, the Court expressly rejected defense counsel's argument that the Broadcast should remain in effect during the duration of the Decree only within the "area of control" (namely, ICE's Chicago Area of Responsibility) on the ground that the Decree specifies that the Broadcast applies nationwide. (*See* Dckt. #303 (transcript of the February 13, 2026 hearing) at 51–52; *see also* Dckt. #155-1 (the Consent Decree) at 6–7).[2] Notwithstanding this Court's clear direction, defendants, in their February 20, 2026 certification, state:

>>In accordance with Paragraph 14 of this Order ICE re-circulated the Broadcast Statement of Policy to all ICE agents nationwide by email on February 18, 2026, and advised the agents that the Broadcast remains in effect as the ICE policy governing warrantless arrests until further notification by DHS and ICE. *This Broadcast Statement of Policy only applies to the states of Illinois, Wisconsin, Missouri, Kentucky, and Kansas. All other ICE offices should continue to adhere to the Memorandum issued by Senior Official Performing the Duties of Director, Todd Lyons, Civil Immigration*

---

[2] Other courts have recognized that the Broadcast Statement of Policy is a *nationwide* statement of ICE policy. *See, e.g.*, *Ramirez Ovando v. Noem*, No. 1:25-CV-03183-RBJ, 2025 WL 32923467, at *2–4 (D.Colo. Nov. 25, 2025) (discussing the origin of the Broadcast ("Broadcast I"), how it was prematurely rescinded by ICE ("Broadcast II"), and how it was reinstated by this Court's October 7, 2025 Order ("Broadcast III")); *Id.*, at *15 (applying the requirements in "defendants' own Broadcast statements"); *Id.* at *23 n.28 ("The standards for determining probable cause of flight risk for a warrantless arrest and documentation in a Form I-213 are substantially the same as those ICE has previously set out for itself in Broadcasts I and III."). Notably, in *Ramirez Ovando*, defendants themselves took the position that the Colorado district court need not enter an injunction governing warrantless arrests because a sufficient policy was "*already in place*" by virtue of the Broadcast. *Id.*, at *14 (emphasis in original); *Id.*, at *21 ("Finally, the Court rejects defendants' argument that plaintiffs cannot show a likelihood of irreparable harm in light of Broadcast III, which was issued a week before the hearing, and already require[rs] ICE officers to comply with § 1357(a)(2).") (cleaned up). If defendants believed that the Broadcast only applied to the ICE Chicago Area of Responsibility, this Court would like to believe that defendants never would have represented to the Colorado district court that the Broadcast was in effect in Colorado.

> *Arrest Authority: Administrative Arrest Warrants and Warrantless Arrests (Jan. 28, 2026).*

(Dckt. #307-1 at 3) (emphasis added). The italicized language is inconsistent with this Court's orders both at the February 13 hearing and in the February 17 Order. Accordingly, the Court orders defendants to re-circulate the Broadcast Statement of Policy to all ICE agents nationwide by email and they shall advise the agents that the Broadcast remains in effect as the ICE policy governing warrantless arrests until further notification by DHS and ICE, period, full stop. Defendants are further ordered to certify their compliance with this directive in their February 27, 2026 certification.

(6) This Court will rule on plaintiffs' February 3, 2026 motion to enforce (Dckt. #284), in open court at 1:00 p.m. CT on February 27, 2026. Counsel for both sides are granted leave to appear remotely as they did during the February 13 hearing as long as at least one member of each legal team is present in open court.

(7) Defendants are ordered to respond to plaintiffs' February 20, 2026 motion to enforce consent decree (Dckt. #305), by March 3, 2026. The parties are encouraged to meet and confer to attempt to resolve their disputes raised by plaintiffs' motion after they receive guidance from the Court's forthcoming ruling on February 27, 2026. Plaintiffs are granted until March 10, 2026 to file a reply in support of their motion.

**Date: February 23, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**