# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| MARGARITO CASTAÑON NAVA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 18-cv-3757 |
| v. | ) ) ) | Judge Jeffrey I. Cummings |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Defendants have filed a motion for clarification with respect to one portion of this Court's February 23, 2026 order, (Dckt. #311), and a separate motion for relief under Federal Rule of Civil Procedure 60(b), (Dckt. #320). Plaintiffs have filed their responses, defendants have replied, and both motions are now fully briefed. For the reasons that follow, defendants' motion for clarification, (Dckt. #311), is denied and their motion for relief under Rule 60(b), (Dckt. #320), is granted pursuant to the parties' agreement.

Defendants seek clarification of the portion of the Court's February 23, 2026 order ("Order") that ordered them "to re-circulate the Broadcast Statement of Policy to all ICE agents nationwide by email and they shall advise the agents that the Broadcast remains in effect as the ICE policy governing warrantless arrests until further notification by DHS and ICE." (Dckt. #309 at 3). As plaintiffs point out, however, defendants' request for clarification is more akin to a request for reconsideration: the Order itself is crystal clear, but defendants want to be excused from compliance based on their contention that the parties never agreed in the Consent Decree that the Broadcast should govern ICE policy nationwide. (Dckt. #311 at 1-2). Courts will grant motions for reconsideration in their discretion only "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Defendants have failed to meet this standard, and their motion is denied for the following reasons.

First, as plaintiffs' counsel and the Court pointed out during the motion hearing on February 27, 2026, the parties expressly discussed the nationwide implementation of the Broadcast during their settlement negotiations and defendants acknowledge in their reply that they "expressed initial agreement" with this approach. (Dckt. #319 at 1 n.1). Consistent with the parties' agreement on this point, the Decree's text required that the Broadcast be distributed to all ICE officers nationwide, that all ICE officers be trained on the Broadcast, and that the Decree prohibited defendants from taking any actions that changed or undermined the Broadcast. (Dckt.

#155-1 at 3, 6–8).  There is no rational reason why the Decree would contain these requirements if the Broadcast did *not* apply to ICE officers nationwide.

Second, defendants (until their recent defiance of the Court's Order and the filing of this motion for clarification) have acted consistently with their understanding that the Broadcast applied nationwide.  In particular, "on June 11, 2025, ICE's Principal Legal Advisor 'unequivocal[ly]' dictated to all ICE officers *nationwide* that the Broadcast 'remains terminated' and has been 'rescind[ed].'"  *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F.Supp.3d 1, 48 (D.D.C. 2025), *quoting Castanon Nava v. Dep't of Homeland Sec.*, 806 F.Supp.3d 823, 860 (N.D.Ill. 2025) (emphasis added).  After this Court ordered that the Broadcast be reissued to ICE officers nationwide with the instruction that it should remain in effect until February 2, 2026, *Nava*, 806 F.Supp.3d at 863, defendants complied with this order and filed a certification of compliance with no request for clarification.  (Dckt. #224).

Third, counsel for defendants in other litigation outside of the Chicago Area of Responsibility have represented to other federal district courts that the Broadcast was the policy governing warrantless arrest for ICE officers in their jurisdictions.  *See, e.g.*, *Ramirez Ovando v. Noem*, No. 1:25-CV-03183-RBJ, 2025 WL 32923467, at *2–4 (D.Colo. Nov. 25, 2025) (discussing the origin of the Broadcast ("Broadcast I"), how it was prematurely rescinded by ICE ("Broadcast II"), and how it was reinstated by this Court's October 7, 2025 Order ("Broadcast III")); *Id.* at *15 (applying the requirements in "defendants' own Broadcast statements"); *Id.* at *14 (noting that defendants themselves took the position the Colorado district court need not enter an injunction governing warrantless arrests because a sufficient policy was "*already in place*" by virtue of the Broadcast) (emphasis in original); *Id.* at *23 n.28 ("The standards for determining probable cause of flight risk for a warrantless arrest and documentation in a Form I-213 are substantially the same as those ICE has previously set out for itself in Broadcasts I and III."); *Escobar Molina*, 811 F.Supp.3d at 43, 47 (denying the existence of a new ICE "policy of conducting warrantless civil immigration arrests based on a lower standard than probable cause" by citing to the Broadcast and "ICE's directive issued in 2022 to its officers, plus annual trainings, [that] require probable cause findings and comport with section 1357(a)(2).").

Fourth, other courts in jurisdictions outside the Chicago Area of Responsibility have treated the Broadcast as a nationwide statement of policy governing warrantless arrests by ICE agents.  *See M-J-M-A v. Hermosillo*, No. 6:25-CV-02011-MTK, 2026 WL 562063, at *14 (D.Or. Feb. 27, 2026), *quoting Nava*, 806 F.Supp.3d at 837-38 ("ICE settled that case in 2022 and issued a nationwide 'Broadcast Statement of Policy,' prescribing that 'ICE officers are to conduct warrantless arrests in a manner consistent with 8 U.S.C. §1357(a)(2).'"); *see also United Farm Workers v. Noem*, No. 1:25-CV-00246 JLT CDB, 2026 WL 892070, at *5 (E.D.Cal. Apr. 1, 2026) (noting that the court's preliminary injunction required all Border Patrol agents who conducted warrantless arrests in that District to "comply with all requirements set forth in DHS's 'Broadcast Statement of Policy' on compliance with 8 U.S.C. §1357(a)(2).").

For these reasons, defendants' request for clarification is denied.

Perhaps anticipating the fate of their request for clarification, defendants subsequently filed their motion for relief under Federal Rule of Civil Procedure Rule 60(b).  In effect,

defendants seek "relief from the Consent Decree to the extent it operates to enjoin Defendants outside of the Chicago Area of Responsibility and with respect to [foreign nationals] who are not members of the certified class." (Dckt. #320 at 1). In their response, plaintiffs essentially agreed to defendants' motion by "agree[ing] to modify the Decree to state that from now until the end of the effective period, Defendants are relieved from the Consent Decree's provisions concerning the Broadcast Policy, Sections IV.A.2. [and] IV.B.5, only to the extent that those provisions operate to enjoin Defendants outside the Chicago Area of Responsibility (AOR)." (Dckt. #326 at 1–2).

In their reply, defendants state that plaintiffs have agreed to the modification of a third provision of the Consent Decree (namely, Section IV.A.4) that would extend the Broadcast outside of the Chicago AOR and that the modifying language proposed by plaintiffs should be amended to state: "only to the extent that those provisions operate to enjoin Defendants from implementing a different arrest policy outside the Chicago Area of Responsibility." (Dckt. #331 at 1-2 & n.1). In view of the parties' agreement to these modifications, the Court grants defendants' motion for relief under Federal Rule of Civil Procedure 60(b) on the above agreed terms.

**Date: April 3, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

3