IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARITO CASTAÑON NAVA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 18-cv-3757 |
| v. | ) ) | Judge Jeffrey I. Cummings |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

On April 6, 2026, plaintiffs filed a motion to enforce consent decree and request for expedited briefing, (Dckt. #344), seeking to have class members Angelina Reyes Arroyo (A217) and Miguel Vasquez Millan (A150), released from detention without bond and without conditions based upon the parties' agreement that they were arrested in violation of the Consent Decree. In their response, defendants state that Reyes Arroyo has been released from detention without bond and without conditions and they do not dispute that their arrest of Vasquez Millan violated the Decree. (Dckt. #346 at 1). Nonetheless, defendants assert that Vasquez Millan is ineligible for release under Section VI.E.3.e. of the Decree because an immigration judge determined that he is subject to mandatory detention pursuant to 8 U.S.C. §1225(b)(2)(A). Defendants further assert that they have filed a motion to reconsider before the immigration court to have that court find that Vasquez Millan should be denied release for the additional reason that his release would pose a danger to the community.[1] In their reply, plaintiffs assert that these reasons are insufficient to bar the release of Vasquez Millan under the Decree, (Dckt. #347), and the Court agrees.

As plaintiffs pointed out in their reply, this Court has already held that it has the authority to determine who is subject to mandatory detention under the Immigration and Nationality Act within the meaning of Section VI.E.3.e. of the Decree and it rejected the proposition that class members like Vasquez Millan are subject to mandatory detention under Section 1225(b)(2)(A). (Dckt. #260 at 11-12, 20). Moreover, the Seventh Circuit declined to stay these rulings based on its finding that plaintiffs were likely to succeed on the merits as to these issues. *Castanon Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061–62 (7th Cir. 2025).

---

[1] The record does not reflect that Vasquez Millan has been convicted of any criminal offense. Instead, defendants point to evidence showing that he has multiple arrests for traffic-related offenses between 2012 and 2017 for which no disposition is listed in the National Crime Information database, and that he was arrested for additional pending and unresolved traffic-related charges (including for DUI) on July 13, 2025. (Dckt. #346-1 at 4–6).

Furthermore, defendants' motion to reconsider before the immigration court lacks merit on its face.  As defendants acknowledge, a motion to reconsider must "specify[] the errors of fact or law in the prior Board decision" and that "[t]he very nature of a motion to reconsider is that the original decision was defective in some regard."  (Dckt. #346-2 at 3 (cleaned up)).  In their motion, defendants do not assert that the immigration judge's order contains any errors of fact or law or that it is defective in any sense.  Instead, defendants beseech the immigration judge to "reconsider" in order to provide an additional ground in support of a decision that defendants sought and agree with.  This is not the purpose of a motion to reconsider.

For these reasons, plaintiffs' motion to enforce, (Dckt. #344), is granted.  Defendants are ordered to promptly release Vasquez Millan from ICE detention without bond and without conditions, and to file a certification of compliance with this Order on or before 5:00 p.m. on April 15, 2026

**Date: April 13, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

2