IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARGARITO CASTAÑON NAVA, et al., | ) ) ) | |
| Plaintiffs, | ) ) | No. 18-cv-3757 |
| v. | ) ) | Judge Jeffrey I. Cummings |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Motion hearing held on April 20, 2026, on plaintiffs' motion to enforce consent decree, (Dckt. #330). For the reasons stated on the record in open court, plaintiffs' motion to enforce is granted in part and denied in part, and the Court finds as follows:

(1) As noted in plaintiffs' reply, (Dckt. #343 at 2–3, 5, 12), the claims of 11 class members have been resolved to the extent that those class members have either been released without bond or conditions; have been involuntarily removed from the U.S.; or have voluntarily departed the U.S. Those class members are:

- Guillermo Arizmendi Gordillo (A163);
- Dionifer Mayora Perez (A149);
- Mario Castelan Perez (A326);
- Alberto Perez-Sanchez (A541);
- Gumaro Cazares-Salazar (A300);
- Keneth Josue Farjardo-Lemus (A158);
- Jose Gomez Martinez (A015);
- Cesar Cabrera-Juarez (A163);
- Jesus Rodriguez Montiel (A301);
- Heriberto Salgado Flores (A163); and
- Juan Cruz (A103).

(2) For the reasons stated in detail on the record as to each individual, the Court grants plaintiffs' motion to enforce with respect to the following class members:

- Carlos Duchi-Lundo (A015);
- Luis Torres Mejia (A868);
- Henrry Mora-Mendez (A074);
- Jose Rogelio Alanis-Moreno (A124) (upon reconsideration); and

- Segundo Paguay Dutan (A202) (upon reconsideration).

(3)     For any of these five individuals that remain detained, defendants are ordered to facilitate their immediate release on their own recognizance and without bond or conditions of release as specified in Section IV(E)(2) of the Decree, (Dckt. #155-1 at 9), by no later than **12:00 p.m. CT on April 23, 2026.**  With respect to those individuals who have already been released, but on bond and with conditions, defendants must take action to refund any bonds and remove all conditions on or before **12:00 p.m. CT on April 23, 2026.**  Defendants shall certify in their weekly report, due at **5:00 p.m. on April 24, 2026 CT**, that all five individuals have been released on their own recognizance and without bond or conditions of release as required by Section IV(E)(2) of the Consent Decree.

(4)     For the reasons stated in detail on the record as to each individual, the Court denies plaintiffs' motion to enforce with respect to the following class members:

- Victor Morones-Ramirez (A965);
- Gustovo Coronel-Mora (A475);
- Teodoro Actitlan-Cuiezapa (A886);
- Martin Gaspar Martinez (A152);
- Julio Beltran (A412); and
- Santos Lopez-Carillo (A380) (upon reconsideration).

(5)     As discussed on the record, defendants shall prioritize the review and production of the arrest records related to the list of 77 individuals that plaintiffs "believe may have been arrested in violation of the Decree based on information obtained from loved ones and advocates of those individuals."  (Dckt. #357 at 2).

(6)     In their weekly report due May 1, 2026, defendants shall provide an update regarding the number of individuals who were allegedly subject to targeted arrests between September 1, 2025 and April 13, 2026 in the Northern District of Illinois who are still detained in the custody of DHS and the status of their production of arrest-related records related to these individuals.

(7)     The parties shall continue to meet and confer regarding the individuals at issue in plaintiffs' April 10, 2026 motion to enforce, (Dckt. #350), in light of this Court's rulings to date.  Plaintiffs' reply in support of that motion to enforce shall be filed by April 21, 2026.

**Date: April 20, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**

2