**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MARGARITO CASTAÑON NAVA, et al., | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | Case No.: 18-cv-03757 |
| v. | ) | |
| | ) | Judge Jeffrey I. Cummings |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, et. al., | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**ORDER**

This matter having come before the Court on the Parties' Joint Status Report, (Dkt. 443), requesting that the Court memorialize the Parties' agreement regarding procedures to wind down and end the Consent Decree, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Court **GRANTS** approval of the Parties' agreement filed with the Court in the Joint Status Report, (Dkt. 443).

2. The Court **ORDERS** the Parties to the Joint Status Report to perform their agreed-upon obligations thereunder.

3. The Court previously ordered, pursuant to Defendants' suggestion, that it would retain jurisdiction to consider any motion to enforce individual violations for 30 days after Defendants have certified that they have produced all relevant records. Dkt. 301.

4. As provided for in the Joint Status Report, (Dkt. 443), Defendants' productions are not yet complete and the 30-day window for Plaintiffs to make final challenges to arrests has not yet begun.

1

5. The Court agrees with the Parties that the 30 day-period initially ordered by the Court may not provide Plaintiffs with sufficient time to review and raise alleged violations from the final production when that time begins, depending on the number of outstanding records produced. The Court adopts the Parties' proposed process to ensure an appropriate window of time following final production to raise alleged violations and move to enforce the Decree without leaving the process open-ended. The Court **ORDERS** as follows:

   a. Defendants' obligation to report new arrests, as well as Plaintiffs' ability to challenge new arrests, covers arrests that occurred through May 31, 2026, and ceases after that date. On June 9, 2026, Defendants produced arrest records for the period of May 1-31, 2026.

   b. Plaintiffs will compile a final list of arrests that are potential violations for which Plaintiffs request records and intend to send the list to Defendants within two weeks of this Order. Defendants will produce the requested records or provide an explanation why the records are not being produced within a reasonable time.

   c. Defendants' productions will be complete upon the latest of the following actions:

      i. Defendants' certification they have completed the May 1, 2026, to May 31, 2026, arrest record productions;

      ii. Defendants' certification they have completed productions in response to Plaintiffs' final list;

2

     iii.  Defendants' certification that they have completed any productions of withheld "targeted arrests" as ordered by the Court, including for individuals included in Plaintiffs' lists of potential violations.

     iv.  Plaintiffs will raise any challenges to the above certifications by filing a motion within ten business days of the certification. If Plaintiffs challenge any of Defendants' certifications that they have completed productions, production will be complete upon the Court's order resolving any disputes as to Defendants' certifications.

d. Once Defendants' productions are complete, as defined above, Plaintiffs will have 60 days to initiate any motions to enforce. The Parties may agree to extend the 60-day window by an additional 30 days if the Parties are not able to reach resolution of all challenges in time for Plaintiffs to file all motions to enforce within 60 days (this 60 or 90-day period hereafter referred to as "the MTE window").

e. The Court will retain jurisdiction to resolve and order relief as to any motion to enforce that is initiated within the MTE window.

f. During the MTE window, the parties may continue to confer and resolve cases absent Court intervention and will endeavor to do so. Defendants agree to continue to respond within 5 business days to any request for conferral on a particular alleged violation. However, per the Parties' agreement, the Court waives the Decree's general requirement of conferral prior to raising individuals for adjudication in a motion to enforce.

g. After the resolution of any pending motions to enforce initiated during the MTE window, Defendants will certify when relief has been provided to all class members granted relief through agreement of the Parties or by the Court under the Decree.

6. Neither the end of Defendants' reporting obligations nor the expiration of Plaintiffs' window to file challenges after the final production will preclude Plaintiffs from seeking attorneys' fees pursuant to those provisions in the Decree. The Parties will determine an appropriate timeframe for fee negotiations so as not to leave the process open ended.

**IT IS SO ORDERED.**

**ENTERED:  June 16, 2026**

_____
**Hon. Jeffrey I. Cummings**
**United States District Judge**

4