**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARGARITO CASTAÑON NAVA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 18-cv-3757** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

As stated at the August 18, 2026 hearing on plaintiffs' July 21, 2026 motion to enforce the consent decree, (Dckt. #468), the Court reserved ruling on the claims of class members Carlos Chillogalli-Puzhi (A590) ("CCP") pending defendants' submission a supplemental response to answer the questions raised at the August 18 hearing. (Dckt. #502 at 3-7). Defendants have submitted their supplemental response and the Court fully resolves plaintiffs' motion to enforce by ruling as follows on CCP's claim.

The Court has before it CCP's I-213, which states that it was created on October 12, 2025 (Dckt. #468-8 at 2-5); an I-200 warrant for CCP, which states on its face that it was dated and served on October 9, 2025 (Dckt. #468-8 at 6); CCP's December 19, 2025 verified petition for writ of habeas corpus (Dckt. #497); and the district court's decision in *Chillogalli Puzhi v. English*, No. 3:25-CV-1062 DLR-SJF, 2026 WL 369066 (N.D.Ind. Feb. 10, 2026). The Court has also considered the parties' briefing on plaintiffs' motion to enforce.

CCP is an Ecuadorian citizen who arrived in the United States in June 2021, was arrested by ICE officers the next day (June 9, 2021), and was released on an order of release on recognizance pursuant to 8 U.S.C. §1226(a). (Dckt. #497 at 3); *English*, 2026 WL 369066, at *1. CCP subsequently sought asylum and other forms of relief. *English*, 2026 WL 369066, at *1. Defendants issued CCP a non-final order of removal on October 3, 2025. The parties agree that CCP was arrested by ICE officers on October 10, 2025, when he attended a mandatory in-person Intensive Supervision Appearance Program appointment in Chicago.

The parties, however, dispute the circumstances of CCP's October 10 arrest. Plaintiffs assert that CCP was arrested without a warrant in violation of the consent decree because there was no probable cause that he was a risk of flight before an arrest warrant could be obtained. Defendants assert that CCP was arrested based on the I-200 that they produced.

As plaintiffs have argued, the I-213 is riddled with indisputably inaccurate yet material information (for example, that CCP was arrested on October 3, 2025 by members of ICE's Charlotte Enforcement and Removal Team and transferred to the Charlotte Sub-Office for processing; that CCP was "processed as a[] Bag and Baggage" on October 3, 2025; and that CCP admitted to being a citizen and national of El Salvador, among other things). Plaintiffs further point out, once more correctly, that the I-213 is internally inconsistent. For example, it states at different points, that CCP is a citizen and national of El Salvador and Ecuador; and that CCP was the "primary target of the investigation" but also that while ICE officers were "attempting to locate a separate target," they identified CCP as having an appointment at the ICE office where he was arrested. As this Court has previously recognized, although "I-213 forms are generally considered reliable, a particular I-213 can be discounted where [as here] there is an indication that it contains information that is known to be incorrect, mischaracterizes or misstates material information, seems suspicious, or was drafted carelessly or maliciously." *Castanon Nava v. Dep't of Homeland Sec.*, 806 F.Supp.3d 823, 846 (N.D.Ill. 2025), *aff'd in part*, 175 F.4th 828 (7th Cir. 2026) (citing cases).

It is also apparent that the I-200 referenced in CCP's I-213 is not the I-200 that defendants produced. The I-213 states that officers ran a records check on CCP after they identified him at the ICE office on October 10; discovered that he had an order of removal; an I-200 warrant was issued by SDDO (Supervisory Detention and Deportation Officer) Waldschmidt on scene; and that CCP was arrested pursuant to this warrant and his order of removal. The I-200, by contrast, is dated October 9, 2025; was signed by SDDO T. Janowski; and was served on CCP on October 9, 2025. Although the Court pointed out these issues concerning the I-200s during the August 18 hearing and sought an answer to the question of how CCP would have been served with an I-200 arrest warrant on October 9 when he was not arrested until October 10 (Dckt. #502 at 6-7), defense counsel's supplemental response did not provide an answer. Nor did defendants produce the I-200 purportedly issued by SDDO Waldschmidt, and the Court finds that the failure to produce this warrant is evidence that it does not exist. *Castanon Nava*, 806 F.Supp.3d at 856 (citing cases).

Given the unreliability of the I-213 and the Court's inference that the I-200 warrant purportedly issued by SDDO Waldschmidt does not exist, the Court finds that CCP was subjected to a warrantless arrest on October 10, 2025. The Court further finds that defendants lacked probable cause that CCP was a risk to flee before a warrant could be obtained given the abundant evidence known by ICE that he was not a flight risk. In particular, the I-213 reflects that CCP is married with a wife and child in the U.S; he is employed; he has no felony convictions; and that he voluntarily appeared at the ICE office for his check-in appointment.

For these reasons, the Court finds that plaintiffs have proven by a preponderance of the evidence that ICE officers subjected CCP to a warrantless arrest without probable cause that he posed a risk of escape before a warrant could be obtained. Accordingly, CCP is entitled to relief under the Consent Decree, and he shall be released without bond and without conditions no later than the close of business on Friday, August 28, 2026. Defendants shall certify their compliance with the terms of this Order by Tuesday, September 1, 2026.

**Date: August 26, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**