**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARGARITO CASTAÑON NAVA, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 18-cv-3757** |
| | ) | |
| **v.** | ) | **Judge Jeffrey I. Cummings** |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Continued motion hearing held on October 9, 2026 on plaintiffs' August 28, 2026 motion to enforce consent decree, (Dckt. #505). For the reasons stated on the record in open court, the plaintiffs' motion to enforce is granted in part and denied in part, and the Court orders as follows.

(1) For the reasons stated in detail on the record as to each individual, and in consideration of the recent decision in *Vasquez Perdomo v. Mullin*, No. 2:25-CV-05605-MEMF-SP, 2026 WL 2751388, at *19 n.18 (C.D.Cal. Sept. 2, 2026), where the court found as follows:

> In their arrest narratives, Plaintiffs describe arrests where the arrestees did not attempt to flee, agents did not ask any questions to ascertain risk of escape, and agents did not appear to know the names of the arrestees prior to approaching them. Taken together, these observations support the conclusion that no likelihood of escape analysis took place: When an agent approaches someone without knowing who they are, the only way the agent could gather the requisite information for a likelihood of escape analysis is by learning more about the detainee. Where no questions–or no questions beyond the arrestee's immigration status–were asked, no likelihood of escape analysis could have been conducted;

this Court grants plaintiffs' motion to enforce with respect to the following individuals:

- Sukhpreet Singh (A560);
- Harjit Singh (A816);
- Arkadii Ramonov (A921);
- Dharmender Dharmender (A781);
- Jose Guido-Ballesteros (A679);
- Antonio Flores Cruz (A175);

- Maria Rosa Lopez (A995); and
- Roberto Antonio Castro-Jarquin (A190).

(2) For any of the above eight individuals that remain detained, defendants are ordered to facilitate their immediate release on their own recognizance and without bond or conditions of release as specified in Section IV(E)(2) of the Decree, (Dckt. #155-1 at 9), by no later than **10:00 a.m. CT on October 12, 2026.** With respect to those individuals who have already been released, but on bond and with conditions, defendants must take action to refund any bonds and remove all conditions on or before **10:00 a.m. CT on October 12, 2026.** Defendants shall file a certification by **5:00 p.m. CT on October 14, 2026,** that all individuals have been released on their own recognizance and without bond or conditions of release as required by Section IV(E)(2) of the Consent Decree.

(3) For the reasons stated in detail on the record, the Court denies plaintiffs' motion to enforce, with respect to the following individual:

- Antonio Toledo-Martinez (A071).

**Date: October 9, 2026**

**Jeffrey I. Cummings**
**United States District Court Judge**